UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA ABRIL,

                                      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6883L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On May 13, 2014, plaintiff, then thirty-six years old, filed applications for Supplemental Security Income benefits, and for a period of disability and insurance benefits, alleging an inability to work since August 7, 2013. (Administrative Transcript, Dkt. #6 at 15). Her applications were initially denied. Plaintiff requested a hearing, which was held on July 13, 2016 before Administrative Law Judge ("ALJ") Robert E. Gale. The ALJ issued a partially favorable decision on September 28, 2016, which: (1) reopened prior applications for Social Security benefits that had been filed November 4, 2013; (2) concluded that plaintiff had been under a disability from the alleged onset date of August 7, 2013, through September 30, 2015; and (3) found that after September 30, 2015, plaintiff had achieved medical improvement such that she was no longer disabled. (Dkt. #6 at 15-28).

That decision became the final decision of the Commissioner when the Appeals Council denied review on October 23, 2017. (Dkt. #6 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #8), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, which reflect treatment for degenerative disc disease of the cervical and thoracic spine, status post lumbar spinal surgery (x2), which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 19).

Upon consideration of the record, the ALJ initially determined that from August 7, 2013 through September 30, 2015, the plaintiff retained the RFC to perform a limited range of sedentary work with extensive exertional and postural limitations, including a need to take a 10-minute break after sitting for 30-45 minutes, which the vocational expert testified would preclude all work.

(Dkt. #6 at 21). The ALJ accordingly determined that plaintiff was disabled from August 7, 2013 through September 30, 2015. Neither party disputes this finding.

With regard to the period from October 1, 2015 and thereafter, the ALJ determined that plaintiff had experienced medical improvement following her two lumbar spinal surgeries, and gained the RFC to perform a full range of sedentary work, with the following limitations: ability to stand and walk for 30 minutes at a time for up to 6 hours in an 8-hour workday; ability to sit for 6 hours in an 8-hour workday; no more than occasional climbing of ramps and stairs, squatting or stooping; no crawling; ability to frequently reach in all directions, but with a mild restriction on handling/fingering/feeling with the right hand and no limitations on the use of the left hand; and must avoid moderate exposure to working with machinery or heights. (Dkt. #6 at 26).

When given this RFC as a hypothetical question at the hearing (which, as relayed in the transcript, included an additional limitation to sitting for up to 45 minutes), vocational expert Josiah L. Pearson testified that plaintiff was capable of returning to her past relevant work as a medical secretary and/or telephone solicitor. The ALJ thereafter determined that plaintiff has the RFC to perform the position of medical secretary, as it is generally performed (but not in the manner plaintiff testified that she previously performed it), as well as telephone solicitor, both as it is generally performed and as plaintiff previously performed it. (Dkt. #6 at 26-27).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that his finding that the plaintiff was not disabled after September 30, 2015 was supported by substantial evidence and was not the product of legal error.

I.   The ALJ's Medical Improvement Determination

"Medical improvement is defined as any decrease in the medical severity of a claimant's impairment which was present at the time of the most recent favorable medical decision that he or she was disabled or continues to be disabled." *Demico v. Berryhill*, 2018 U.S. Dist. LEXIS 8298 at *9 (D. Conn. 2018) (quoting *Nascimento v. Colvin*, 90 F. Supp. 3d 47, 53 (E.D.N.Y. 2015)). 20 C.F.R. § 404.1594(b)(1). "A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [a claimant's] impairment(s)." 20 C.F.R. §404.1594(b)(1). Under the "continuing disability review" standard, the burden of demonstrating medical improvement "rests with the Commissioner at every step." *DeRonde v. Astrue*, 2013 U.S. Dist. LEXIS 32709 at *11 (N.D.N.Y. 2013).

Here, the ALJ found that plaintiff had achieved medical improvement after September 30, 2015. In so finding, the ALJ made a longitudinal analysis of treatment notes from plaintiff's treating orthopedic surgeon, Dr. Zair Fishkin, and objective testing (MRI) analyses from November 26, 2014 through September 23, 2015. (Dkt. #6 at 25-26, 592-95, 596-99, 600-603, 604-607, 608-11, 612-15). The ALJ noted that Dr. Fishkin reported consistent postoperative improvement, and that as of the September 23, 2015 visit, plaintiff had grossly intact sensation and negative straight leg raising tests, and reported being "pleased" with the pain relief afforded by her second lumbar surgery. *See* Dkt. #6 at 608-11 (noting on April 15, 2015 that plaintiff is "finally turning the corner in terms of improvement . . . I informed [plaintiff] that surgical results will continue to improve for up to one year . . .")' 612-15 (noting on September 23, 2015 that plaintiff has a "normal postoperative MRI demonstrating no evidence of recurrent disc herniation or stenosis [but some modest spondylosis] at L4-5 or L5-S1," and a small disc protrusion at L4-5,

and finding full strength, grossly intact sensation, and negative straight leg raising tests, and recommending physical therapy for a right knee complaint only). The ALJ also observed that on November 13, 2015, examining physician Dr. Peter Capicotto found that plaintiff had no sensory deficits and full strength in all extremities. (Dkt. #6 at 664-82).

Plaintiff argues that notwithstanding the ALJ's reference to this evidence, the ALJ nonetheless failed to demonstrate that plaintiff's condition had improved sufficiently to permit her to work, because, for example, Dr. Fishkin did not report any objective testing of plaintiff's range of motion subsequent to her surgeries. Plaintiff also contends that the ALJ failed to reconcile evidence that "conflicted" with the ALJ's RFC finding, such as Dr. Fishkin's observation that plaintiff would have "some level of permanent symptoms [back pain and lumbar radiculitis] and disability," and Dr. Capicotto's notes that plaintiff moved in a "slow guarded manner," and was "very uncomfortable" after sitting. (Dkt. #6 at 610, 681).

The Court disagrees. Throughout his RFC determination concerning plaintiff's limitations after September 30, 2015, the ALJ specifically described the pertinent evidence in the record which supported his findings, including but not limited to Dr. Fishkin's treatment records showing longitudinal improvement in plaintiff's pain, objective measurements showing full strength and largely intact sensation, MRI records demonstrating post-surgical improvement and healing, the frequency and eventual cessation of plaintiff's pain management visits after July 2015, and objective assessments of strength and sensation by Dr. Capicotto. Overall, the ALJ's RFC determination is supported by substantial evidence.

Nor did the ALJ fail to reconcile conflicting evidence in the record. While Dr. Fishkin opined that plaintiff's back pain would cause ongoing limitations and Dr. Capicotto made reference to plaintiff's discomfort and limited range of spinal motion, there is no indication that

5

these symptoms would be expected to cause limitations not otherwise identified and accounted-for by the ALJ's post-September 30, 2015 RFC determination, which includes significant limitations with respect to, inter alia, walking, standing, climbing, squatting, stooping, and crawling.

As such, I find that substantial evidence supported the ALJ's determination that plaintiff had achieved medical improvement after September 30, 2015.

## II. The ALJ's Evaluation of Medical Opinions

Plaintiff also contends that the ALJ erred in giving Dr. Capicotto's opinion "great weight" in assessing plaintiff's RFC during the closed period (through September 30, 2015), but simultaneously finding that Dr. Capicotto's opinion was not entitled to significant weight for the period thereafter.

In assessing the opinions of non-treating sources, an ALJ considers factors similar to those prescribed for the weighing of treating physicians' opinions, including but not limited to: whether the source examined the claimant; the length, frequency and nature of such examination; whether the source presents supporting evidence; whether the opinion is consistent with the record as a whole; and whether the source is a specialist in the relevant area. *See generally Mahon v. Colvin*, 2016 U.S. Dist. LEXIS 87485 at \*8 (W.D.N.Y. 2016).

I find that the ALJ appropriately considered the relevant factors in assessing Dr. Capicotto's opinion, taking note of the fact that he examined plaintiff on one occasion in November 2015, and that he rendered his opinion based on a review of plaintiff's medical records only through January 2015, which would not have included the bulk of plaintiff's post-surgical records and treatment notes. (Dkt. #6 at 672). The ALJ further noted that some of the limitations

6

assessed by Dr. Capicotto (e.g., that plaintiff is capable of only part-time, sedentary work with the ability to change position every 30-45 minutes) appeared to be internally inconsistent with his examination findings, which generally noted full strength in all extremities, intact sensation, and negative straight leg raising tests. (Dkt. #6 at 23).

To the extent plaintiff suggests that the ALJ erred in failing to incorporate (or to adequately explain why he didn't incorporate) the additional, sitting-related limitations prescribed by Dr. Capicotto into his RFC finding, that error is harmless, as the hypothetical RFC that the ALJ posed to the vocational expert at the hearing, and in response to which the vocational expert identified the positions upon which the Commissioner now relies, *did* include a limitation to sitting for no more than "45 minutes at a time." (Dkt. #6 at 65-66).

While "the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision," he was "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013) (unpublished opinion). Furthermore, it is "not require[d] that [the] ALJ have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983).

Here, the ALJ discussed the medical opinions of record, set forth the weight afforded to each, and cited and discussed, in his decision, specific evidence in the record which supported his RFC determination. As such, I do not find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

I have considered the rest of plaintiff's arguments and find them to be without merit.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #8) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff was disabled from August 7, 2013 through September 30, 2015, and that plaintiff achieved medical improvement after September 30, 2015 and was not disabled thereafter, is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      April 10, 2019.